UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| GREEN GROUP 11 LLC, | Case No. 19-40115 (NHL) |
| Debtor. | AFFIRMATION IN SUPPORT OF MOTION FOR TERMINATION OF AUTOMATIC STAY |

------------------------------------------------------------X

**ANDREA M. ROBERTS**, an attorney duly licensed to practice law in the State of New York and admitted to practice before the United States District Court for the Eastern District of New York, affirms the following under the penalty of perjury:

1. I submit the within affirmation in support of the motion of U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust, successor in interest to Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 5, successor in interest to Countrywide Home Loans Inc. ("Movant"), to terminate the automatic stay pursuant to 11 U.S.C. § 362(d) (the "Motion") with respect to certain real property commonly known as 220 Greene Avenue, Brooklyn, New York 11239 (the "Property") and respectfully state as follows based on information publicly available or provided by Creditor.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over the subject matter of this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

151908.01204/118225483v.3

## BACKGROUND

A. <u>The Loan</u>

4. On October 17, 2006, non-debtor Charles Zizi ("Zizi") borrowed the principal amount of $1,000,000.00 (the "Loan") from American Brokers Conduit ("American Brokers"). The Loan is memorialized by a certain promissory note in the original principal amount of $1,000,000.00 (the "Note"). As security for the note, on October 17, 2006, Zizi executed and delivered a Mortgage (the "Mortgage") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), acting solely as nominee for American Brokers encumbering the Property. The Mortgage was recorded in the Office of the City Register of the City of New York on November 3, 2006 at CRFN 2006000616135. A true and correct copy of the Mortgage is annexed hereto as **Exhibit A**.

5. The Note and Mortgage was subsequently transferred and assigned to Movant. The transfer and assignment were memorialized pursuant to certain assignments of mortgage recorded with the Office of the City Register of the City of New York ("Assignments"). True and correct copies of the Assignments are annexed hereto as **Exhibit B**.

6. At some point prior to July 22, 2008, Zizi defaulted under the terms of the Note and Mortgage.

B. <u>Initial Foreclosure Proceedings and Transfer of the Property</u>

7. Zizi defaulted under the Loan by failing to payment when due under the Loan. As such, on July 22, 2008, Movant's predecessor, Countrywide Home Loans Inc. ("Countrywide"), commenced an action to foreclose in the Supreme Court of the State of New York, County of Kings entitled *Countrywide Home Loans Inc. v. Zizi, et al* (Index No. 21346/2008) (the

"Foreclosure Action"). A true and correct copy of the Summons and Complaint and Notice of Pendency are annexed hereto as **Exhibit C**.

8. Zizi failed to appear in the action and Countrywide moved for default judgment and an order of reference. The Court denied the motion. A true and correct copy of the order denying Countrywide's motion is annexed hereto as **Exhibit D**.

9. CPLR 3408 foreclosure settlement conferences took place between June 2010 and October 24, 2011. A true and correct copy of the Order releasing the matter from the foreclosure settlement conference part is annexed hereto as **Exhibit E**.

10. While in default and during the pendency of Foreclosure Action, Zizi deeded the Property to 10821 Holdings LLC pursuant to a Bargain and Sale Deed with Covenant against Grantor's Acts (Individual or Corporation") deed dated November 14, 2013 and recorded in the Office of the City Register of the City of New York on December 9, 2013 at CRFN 2013000505428 (the "10821 Holdings Deed"). A true and correct copy of the 10821 Holdings Deed is annexed hereto as **Exhibit F**.

11. Thereafter, Zizi timely rescinded the 10821 Holdings Deed pursuant to a Notice of Rescission dated December 4, 2015 and recorded in the Office of the City Register of the City of New York on December 9, 2015 at CRFN 2015000436679 (the "Notice of Rescission").[1] A true and correct copy of the Notice of Rescission is annexed hereto as **Exhibit G**.

12. Nearly a year after the Notice of Rescission was recorded, a deed dated September 1, 2016 among 10821 Holdings LLC, as grantor, and Debtor, as grantee, was recorded in the Office of the City Register of the City of New York on September 26, 2016 at CRFN 2016

---

[1] The Notice of Rescission was recorded twice with the Office of the City Register of the City of New York. The second recording was recorded on December 15, 2015 at CRFN 2015000442730. *See* **Exhibit H**.

151908.01204/118225483v.3

000334069 ("Debtor's Deed"). A true and correct copy of the Debtor's Deed is annexed hereto as **Exhibit I**.

### C. The Bankruptcy Posture

13. On January 16, 2014, the Foreclosure Action Court issued a Conditional Order of Dismissal. A true and correct copy of the Conditional Order of Dismissal is annexed hereto as **Exhibit J**.

14. On or about June 7, 2018, Movant moved to vacate the Conditional Order of Dismissal (the "Motion to Vacate"). Although not a party to the Foreclosure Action, Debtor opposed the Motion to Vacate and cross-moved for leave to intervene pursuant to CPLR 1012 or 1013. By order dated December 6, 2018, the Court denied the Motion to Vacate without prejudice to renew upon notice to all parties who have acquired a claimed interest or lien since the expiration of the notice of pendency. All other motions, including Debtor's cross-motion, were denied as moot. A true and correct copy of the Order denying the Motion to Vacate is annexed hereto as **Exhibit K**.

15. Movant served and filed a Notice of Appeal dated December 14, 2018 of the Order denying the Motion to Vacate. A true and correct copy of the Notice of Appeal is annexed hereto as **Exhibit L**.

16. On December 17, 2018, in compliance with the Foreclosure Court's order, Movant moved via order to show case to vacate the Conditional Order of Dismissal ("OSC").

17. Prior to the Court's signing of the OSC, on January 8, 2019 (the "Petition Date"), and in an effort to avoid the OSC, Debtor filed a petition under Chapter 11 of Title 11 of the U.S. Code (the "Bankruptcy Code"). A true and correct copy of the Voluntary Petition is annexed hereto as **Exhibit M**.

18. Movant now brings this motion seeking relief from the automatic stay.

## REQUESTED RELIEF AND BASIS THEREOF

19. This Court should grant Movant immediate relief from the automatic stay to proceed with the Foreclosure Action because (i) cause exists to terminate the automatic stay, as the Property is not a part of Debtor's estate; and (ii) Debtor has no legal interest in the Property and therefore Debtor does not have an equity in such property and such property is not necessary to an effective reorganization.

20. Relief from the automatic stay is permitted under 11 U.S.C. § 362(d):

(1) for cause, including lack of adequate protection of an interest in property; or
(2) with respect to a stay of an act against property under subsection (a) of this section, if-
 (A) the debtor does not have an equity in such property; and
 (B) such property is not necessary to an effective reorganization.

21. As set forth below, Movant has established entitlement to relief pursuant to both sections 362(d)(1) and (d)(2) of the Bankruptcy Code.

**A.  Cause Exists to Terminate the Stay Under 11 U.S.C. § 362(d)(1)**

22. "Cause" sufficient to modify the automatic stay is not defined in the Bankruptcy Code or detailed in applicable legislative history. *In re M.J.& K. Co., Inc.*, 161 B.R. 586, 590 (Bankr. S.D.N.Y. 1993). Thus, what constitutes "cause "for stay relief purposes "... is an intentionally broad and flexible concept which must, of necessity, be determined on a case by case analysis." *Matter of Holly's Inc.*, 140 B.R. 643, 687 (Bankr. W.D. Mich 1992).

23. Where property is not part of an estate, the automatic stay provision should not apply to that property. *See In re Downey Fin. Corp.*, 428 B.R. 595 (D. Del. 2010) (holding policy proceeds were not property of the estate and thus, not subject to the automatic stay).

24. Here, "cause" exists to grant stay relief because the Property is not part of Debtor's bankruptcy estate as a matter of law. *In re 234-6 West 22nd St. Corp.*, 214 B.R. 751 (S.D.N.Y. 1997) (for the debtor to have connection to the property and thus invoke the automatic stay to protect the property from foreclosure, there must be a deed effectuating the transfer).

25. New York's Real Property Law Section 265-a(8)(a) provides any transaction involving residential real property in foreclosure or, where applicable, default ... is voidable and the transaction may be rescinded by the equity seller *within two years of the date of the recording of the conveyance* of the residential real property in foreclosure. *See* RPL § 265-a(8)(a) (emphasis added); *Puzzuoli v. JPMorgan Chase Bank, N.A.*, 55 Misc.3d 417, 422 (Sup. Ct. Dutchess Cty. Nov. 29, 2016) (plaintiff submitted competent and admissible evidence demonstrating that the deed should be nullified on the grounds that it was the product of an illegal scheme); *see generally Washington Mutual Bank v. Sholomov*, 20 Misc.3d 773, 862 N.Y.S.2d 890 (Sup. Ct. Nassau Cty. 2008).

26. As set forth above, Zizi executed a Notice of Rescission of the 10821 Holdings Deed dated December 4, 2015 and recorded on December 9, 2015. *See* Exhibit G. The Notice of Rescission was recorded exactly two years from the date of the recording of the 10821 Holdings Deed. *See* Exhibits F & G. Accordingly, Zizi timely filed the Notice of Rescission pursuant to RPL § 265-a(8)(a). As such, the Debtor's Deed was void because 10821 Holdings LLC lacked the authority to transfer title to Debtor after the deed to it was rescinded.

27. Moreover, the Debtor purportedly purchased the Property from 10821 Holdings LLC with notice of the recorded Notice of Rescission. *See* Exhibit I. Therefore, Debtor is not a bona fide purchaser and does not have a valid interest in the Property. *Yen-Te Hsueh Chen v. Geranium De. Corp.*, 243 A.D.2d 708, 709, 663 N.Y.S.2d 288, 289 (2d Dept. 1997) (holding the

status of a "good faith purchaser for value cannot be maintained by a purchaser with either notice or knowledge of a prior interest or equity in the property, or one with knowledge of facts that would lead a reasonably prudent purchaser to make inquiries concerning such"); *Williamson v. Brown*, 15 NY 354, 362 (1857) (" . . . where a purchaser has knowledge of any fact, *sufficient to put him on inquiry as to the existence of some right or title in conflict* with that he is about to purchase, he is presumed, either to have made the inquiry, and ascertained the extent of such prior right, or to have been guilty of a degree of negligence equally fatal to his claim, to be considered a bona fide purchaser") (emphasis added).

28. Thus, Debtor has no ownership interest in the Property that is part of the estate within the meaning of 11 U.S.C. § 541. *See* 11 U.S.C. § 541(a)(1) (property of the estate is defined to include "all legal or equitable interests of the debtor in property as of the commencement of the case").

29. Further, Debtor's filing of the Voluntary Petition was in bad faith. Not only is the timing of Debtor's filing of the Voluntary Petition an attempt to delay or frustrate Movant's efforts to proceed with the Foreclosure Action, Debtor only has one alleged asset (the Property), little or no cash flow, and cannot meet expenses of payment for the Property (including the amounts due under the Loan or any real estate taxes). *See In re 68 W. St. LLC*, 282 B.R. 838, 843 (S.D.N.Y. 2002).

30. As a result, Movant is entitled to relief from the automatic stay for "cause" within the meaning of 11 U.S.C. § 362(d)(a), as its rights should not be impaired by a bankruptcy concerning an entity that has no legally enforceable interest in the Property. *See* 11 U.S.C. § 362(a)(3) (commencement of a bankruptcy case operates as a stay of "any act to obtain possession no property of the estate or of property from the estate or to exercise control over property of the

estate"); *In re AMC Realty Corp.*, 270 B.R. 132, 140-41 (S.D.N.Y. 2001) (holding a debtor's bad faith constitutes "cause" to terminate the automatic stay).

31. Regardless, Debtor is not capable of providing adequate protection to Movant, as Zizi has not made payments under Loan since September 2011, nor has Debtor made any payments to Movant. *See In re Woodfield Furniture Clearance Center of Suffolk, Inc.*, 102 B.R. 327 (E.D.N.Y. 1989) (holding the Court must grant relief from the stay if the collateral is not adequately protected). Moreover, there is insufficient equity in the Property as the amount of debt owed to Movant exceeds the estimated $1,784,000.00 value of the Property. A true and correct copy of the most recent standard BPO is annexed hereto as **Exhibit O**.

32. Lastly, Movant would be prejudiced if the Court denies the requested relief. Movant is unquestionably entitled to payments under the Note, which have not been made since September 2011. Throughout that time, Movant has continued to advance funds for taxes and insurance pursuant to the terms of the Mortgage and to protect the Property. *See Thompson v. JPMorgan Chase Bank, N.A.*, 2012 WL 739384 (E.D.N.Y. 2012) (holding stay relief was warranted for cause where, among other things, Chase continued to expend money for taxes and insurance related to the subject property).

**B.**     **This Court Should Terminate the Stay Under 11 U.S.C. § 362(d)(2) Because Debtor Has No Legal Interest in the Property**

33. Stay relief should also be granted pursuant to 11 U.S.C. § 362(d)(2) because Debtor does not have any equity in the Property and the Property is not necessary to an effective reorganization.

34. First, as established in Point A, *supra*, Debtor has no legally enforceable interest and therefore cannot have an equity in the Property.

35. Second, the Property is not necessary to an effective reorganization. The Debtor's Schedules and Statement of Financial Affairs show that Debtor has no viable business operation in connection with the Property. Specifically, Debtor generates *zero* income from its business and has no employees. (Docket No. 1). Further, pursuant to the Amended Schedules filed with the Court on March 12, 2019, Debtor has only $19,500.00 in accounts receivable, zero in cash and only $6,590.00 in deposits. (Docket No. 21). Given these conditions, it is highly unlikely Debtor can effectuate a viable reorganization plan while in Chapter 11 bankruptcy.

36. Accordingly, Debtor has no equity in the Property, the Property is not necessary for an effective reorganization, and Movant should be granted immediate relief from the automatic stay to exercise its rights with respect to the Property under 11 U.S.C. § 362(d)(2). *See In the Matter of Anchorage Boat Sales, Inc.*, 4 B.R. 635 (E.D.N.Y. 1980) (finding the property was not necessary to an effective reorganization because the debtor could not generate sufficient revenues to meet its obligations).

37. A copy of the proposed Order granting the relief sought by Movant is annexed hereto as Exhibit N.

[*The remainder of this page was intentionally left blank.*]

**WHEREFORE**, U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust, successor in interest to Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 5, successor in interest to Countrywide Home Loans Inc. respectfully requests that this Honorable Court enter an order granting relief from the stay as to Movant's interest in the Property, together with such additional relief as the Court may deem just in this matter.

Dated:  April 22, 2019
        New York, New York

By: /s/ Andrea M. Roberts
Andrea M. Roberts, Esq.
Jonathan M. Robbin
**BLANK ROME LLP**
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
*Attorneys for U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust, successor in interest to Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 5, successor in interest to Countrywide Home Loans Inc.*