Exhibit 1: Judgment



## NASSAU COUNTY CLERK'S OFFICE
## ENDORSEMENT COVER PAGE

Recorded Date: 02-11-2009           Record and Return To:
Recorded Time: 11:55:19 a

    Liber Book: J    3222
    Pages From:      60
            To:      65

    Control
    Number:   1087
      Ref #:  08--005691
    Doc Type: J01   JUDGMENT-SUPREME COURT-MONEY

Plnt: FLORIDA CORPORATE FUNDING INC
Dfnd: MARIAN CARE N J
Dfnd: ZIZI, CHARLES

*Default Motion*

Judgment Amount:       1,893,662.43

                                    Taxes Total              .00
BMP001                         Recording Totals              .00
                                  Total Payment              .00

   THIS PAGE IS NOW PART OF THE INSTRUMENT AND SHOULD NOT BE REMOVED
                           MAUREEN O'CONNELL
                             COUNTY CLERK



2009021101087

56612

SUPREME COURT OF STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------X

FLORIDA CORPORATE FUNDING, INC.,

                          Plaintiff,

-against-

ALWAYS THERE HOME CARE, INC.,
d/b/a ALWAYS THERE HOME CARE OF NY, INC.,
MARIAN CARE, INC., MARIAN CARE N.J., INC.
d/b/a BP SENIOR CARE, CHARLES ZIZI,
MARIELLA PAUL, RICARDO FRANCOIS,
MARLENE FRANCOIS, METROPOLITAN JEWISH
HEALTH SYSTEM, INC., FIRST TO CARE
HOME CARE, INC., METROPOLITAN JEWISH
HOME CARE, INC., SHOREFRONT JEWISH
GERIATRIC CENTER, INC. d/b/a MJGC
HOME CARE and HOMEFIRST, INC.,

                          Defendants.
-----------------------------------------------------------------X

Index No. 005691/2008

~~ORDER AND~~
**JUDGMENT**

~~Justice Assigned:~~
~~Hon. Ira B. Warshawsky~~

      Plaintiff Florida Corporate Funding, Inc. ("FCFI") having moved this Court for an order pursuant to CPLR §3215, directing the entry of judgment by default against defendants Marian Care N.J., Inc. d/b/a BP Senior Care ("Marian Care N.J."), Charles Zizi, Mariella Paul, Ricardo Francois and Marlene Francois (Zizi, Paul, Ricardo Francois and Marlene Francois are collectively referred to herein as the "Guarantors") and awarding FCFI (a) on the first, third, fourth and eighth causes of action in

56612

the Complaint, against Marian Care N.J. and the Guarantors, jointly and severally, an award of damages in the amount of $1,315,990.80 as of September 3, 2008, plus the *per diem* accrued fees of $462.10 thereafter; (b) on the second and fifth causes of action in the Complaint against Marian Care N.J. and the Guarantors, jointly and severally, an award of damages in the amount of $372,748.25 as of June 15, 2006, plus accrued fees of $149,078.02 from June 15, 2006 through September 3, 2008, for the sum of $521,826.27, plus the *per diem* accrued fees of $183.82 from September 3, 2008; (c) on the sixth cause of action in the Complaint against Marian Care N.J., granting FCFI a judgment and order enforcing its security interest in the Collateral of Marian Care as defined in the 2006 Factoring Agreement; (d) on the seventh cause of action against Marian Care N.J., granting FCFI a judgment and order of replevin as to the Collateral of the Always There Entities as defined in the 2006 Factoring Agreement; (e) on the ninth cause of action in the Complaint against Marian Care N.J. and the Guarantors, jointly and severally, awarding FCFI its attorneys' fees in connection with the enforcement of the 2006 Factoring Agreement and Guarantees in an amount to be determined by the Court; (f) severing and continuing the action as to the remaining defendants, Always There Home Care, Inc. d/b/a Always There Home Care of NY, Inc., Marian Care, Inc., Metropolitan Jewish Health System, Inc., First To Care Home Care, Inc., Metropolitan Jewish Home Care, Inc., Shorefront Jewish Geriatric Center, Inc. d/b/a MJGC Home

36612

Care and Homefirst, Inc., which have interposed an Answer to the Complaint in this action, except with regard to Metropolitan Jewish Home Care, Inc., which has been dismissed from this action by Order of the Court; and (g) for such other and further relief as the Court may deem just, proper and equitable, together with costs and disbursements, including reasonable attorneys' fees incurred by FCFI herein, and said motion having come on to be heard by this Court on October 22, 2008, and due deliberation having been had thereon, and this Court having rendered its Short Form Order dated December 4, 2008, a copy of which is annexed hereto, granting the motion in part, but denying the motion as to the sixth and seventh causes of action, and awarding FCFI: (1) judgment against Marian Care N.J., Charles Zizi, Mariella Paul, Ricardo Francois and Marlene Francois on the first, third, fourth and eighth causes of action in the amount of $1,315,990.80 as of September 3, 2008, plus the *per diem* accrued fees thereafter of $462.10; (2) judgment against defendants Marian Care N.J., Charles Zizi, Mariella Paul, Ricardo Francois and Marlene Francois on the second and fifth causes of action in the aggregate sum of $521,826.27, comprised of the sum of $372,748.25 as of June 15, 2006, plus the accrued fees of $149,078.02 through September 3, 2008, plus the *per diem* accrued fees thereafter of $183.82 until entry of judgment; (3) severing the claims against the remaining defendants who have interposed answers in this action; and (4) severing and continuing the ninth cause of action in the Complaint for attorneys' fees and reserving the decision for trial.

'o6612

NOW, on motion of Reisman, Peirez & Reisman, L.L.P., 1305 Franklin Avenue, Garden City, New York 11530, it is:

**ADJUDGED**, that Florida Corporate Funding, Inc., located at 1700 NW 2nd Avenue, Boca Raton, Florida 33432, shall recover of the defendants, Marian Care N.J., with an office located at One Old Country Road, Suite 235, Carle Place, New York 11514, Charles Zizi, residing at 355 South End Avenue, Apt. 24F, New York, New York 10280-1011, Mariella Paul, residing at 3403 Courtney Place, Baldwin, New York 11510, Ricardo Francois, residing at 759 Janos Lane, West Hempstead, New York 11552, and Marlene Francois, residing at 15118 SW 52nd Street, Miramar, Florida, 33027-3694, jointly and severally, on the first, third, fourth and eighth causes of action in the amount of $1,315,990.80 as of September 3, 2008, plus the *per diem* accrued fees of $462.10 thereafter until entry of judgment in the amount of 26,801.80 for a total of 1,342,792.60 ; and it is further

**ADJUDGED**, that Florida Corporate Funding, Inc. shall recover of defendants Marian Care N.J., with an office located at One Old Country Road, Suite 235, Carle Place, New York 11514, Charles Zizi, residing at 355 South End Avenue, Apt. 24F, New York, New York 10280-1011, Mariella Paul, residing at 3403 Courtney Place, Baldwin, New York 11510, Ricardo Francois, residing at 759 Janos Lane, West Hempstead, New York 11552, and Marlene Francois, residing at 15118 SW 52nd Street, Miramar, Florida, 33027-3694, jointly and severally, on the second and fifth causes of action in the aggregate sum of $521,826.27, which is comprised of the sum of

- 4 -

:66612

$372,748.25 as of June 15, 2006, plus the accrued fees of $149,078.02 through September 3, 2008, plus the *per diem* accrued fees of $183.82 thereafter until entry of judgment in the amount of 29,043.56 for a total of 550,869.83 ; and it is further

**ADJUDGED**, that a total judgment of $ 1,893,662.73 shall be docketed in the Office of the Clerk of Nassau County against defendants Marian Care N.J., Charles Zizi, Mariella Paul, Ricardo Francois and Marlene Francois, jointly and severally, and that plaintiff Florida Corporate Funding, Inc. shall have execution therefor; and it is further

**ORDERED AND ADJUDGED**, that the claims as to all remaining defendants, Always There Home Care, Inc. d/b/a Always There Home Care of NY, Inc., Marian Care, Inc., Metropolitan Jewish Health System, Inc., First To Care Home Care, Inc., Metropolitan Jewish Home Care, Inc., Shorefront Jewish Geriatric Center, Inc. d/b/a MJGC Home Care and Homefirst, Inc., are severed and continued in this action; and it is further

**ORDERED AND ADJUDGED**, that the ninth cause of action in the Complaint for attorneys' fees is severed and continued in this action.

Let execution issue hereon.

JUDGMENT entered this
11th day of February 2009

*Maureen O'Connell*
CLERK

- 5 -